IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM P. GRANT,

        Plaintiff,                    No. CIV S-10-0176 GEB DAD PS

       v.

ACCESS DENTAL, et al.,        ORDER AND FINDINGS AND
                                                    RECOMMENDATIONS

        Defendants.
                                       /

        Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. The case was referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

        In his in forma pauperis application, plaintiff declares that he was last employed in 1991 and that in the past twelve months he has received money from pensions, annuities, or life insurance payments. Plaintiff does not describe the source of such income and does not state the amount received and what he expects to continue to receive. In the absence of information about the amount of plaintiff's income, the application fails to make the showing required by 28 U.S.C. § 1915(a)(1).

        Because plaintiff may be able to submit a new in forma pauperis application that demonstrates indigency, the undersigned has also reviewed plaintiff's complaint. The mere

1

determination that a plaintiff is indigent does not complete the inquiry required by the in forma pauperis statute.  Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma pauperis case at any time if the plaintiff's allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  A claim is frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hosp. Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Here, plaintiff's complaint does not contain a statement of the grounds upon which the court's jurisdiction depends.  Plaintiff alleges that defendants Access Dental, Western Dental, and the Dental Board of California committed "malpractice, malfeance [sic] and negligence" when Access Dental and Western Dental put amalgam fillings in plaintiff's teeth,

despite his objection that such fillings are poisonous, and the Dental Board of California failed to investigate his complaint. (Compl. at 1.) Plaintiff alleges further that the dental companies "are allowed to continue to practice unsafe and unhealthy dental care" and that they have committed "malpractice by dereliction of professional duty and failure of professional skill that resulted in injury and damages, malfeance [sic] by wrongful conduct and negligence." (Id. at 2.) Finally, plaintiff seeks damages in the amount of $5,000,000.00 for injuries described vaguely as "compromised" liver and kidneys, among other parts of his body. Id.

Attached to plaintiff's complaint is a civil cover sheet in which he indicates that all parties are California residents and that jurisdiction is based on federal question. The civil cover sheet also indicates that the nature of plaintiff's suit is "personal injury, medical malpractice" and that plaintiff's cause of action is "USCS Title 42 Section 1983/42 CFR sectio[n] 1395" for "Negligence, malfeasance and Fraud."

Section 1983 provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The three defendants sued by plaintiff in this case are not "persons" and cannot be sued under § 1983. Moreover, plaintiff has not alleged that he was deprived of any right, privilege, or immunity secured by the United States Constitution, and his allegations of negligence, malfeasance, and medical malpractice present only state law claims that must be litigated in state court absent diversity of citizenship.

If plaintiff were to amend his complaint to sue individual members and employees of the three entity defendants, his claims against employees of the dental companies could not proceed under § 1983 because the companies are not state agencies and their employees do not act under color of state law. Although members of the dental board may be state actors for purposes of § 1983, it does not appear that plaintiff can allege facts demonstrating that any

member or employee of the dental board deprived him of a right, privilege, or immunity secured by the federal constitution.

In the absence of complete diversity of citizenship or factual allegations that give rise to a federal question, the court finds that plaintiff has not alleged a claim over which this court has jurisdiction.  It does not appear that plaintiff's claims can be amended to state any federal claim with an arguable basis in law and fact.  Accordingly, the undersigned will recommend that plaintiff's complaint be dismissed for lack of jurisdiction.  See <u>Hagans v. Levine</u>, 415 U.S. 528, 543 (1974) (approving dismissal of claims for lack of jurisdiction where the claims do not involve a federal controversy within the jurisdiction of the district court); <u>California Architectural Bldg. Prod. v. Franciscan Ceramics</u>, 818 F.2d 1466, 1472 (9th Cir. 1988) (holding that futility is a valid reason for denying leave to amend); <u>Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau</u>, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments).

IT IS HEREBY ORDERED that plaintiff's January 22, 2010 application to proceed in forma pauperis (Doc. No. 2) is denied and

IT IS RECOMMENDED that:

1. Plaintiff's complaint be dismissed for lack of jurisdiction; and

2. This action be dismissed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file

/////
/////
/////

objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 23, 2010.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\grant0176.ifpden.f&r